

**FILED**
APR 26 2011

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| HARVEY CASS, | ) | Civ. 10-4159-LLP |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| TIMOTHY REISCH, Director, S.D.D.OC; WILLIAM "BILL" DOOLEY, Warden; and DOUG WEBER, Warden, South Dakota State Penitentiary, all in their official and individual capacities, | ) | |
| Defendants. | ) | |

Plaintiff, Harvey Cass, has filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. He is incarcerated at Mike Durfee State Prison in Springfield, South Dakota. Cass asserts that the prison is overcrowded and lacks sufficient toilet and shower facilities for the inmates it houses, violating the Eighth Amendment's prohibition on cruel and unusual punishment. In addition, Cass argues that prison overcrowding limits inmates' ability to find prison work that would allow them to pay court costs and other expenses. Cass also moves for the appointment of counsel and for an order directing prison officials to give him access to legal materials.

## STANDARD OF REVIEW FOR SCREENING

The Prison Litigation Reform Act (PLRA) requires this court to "screen" Cass's complaint to determine if it should be dismissed. 28 U.S.C. § 1915A. Pursuant to § 1915A, a district court must dismiss a prisoner's complaint if it is frivolous or malicious, fails to state a

claim upon which relief can be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *Id.* Cass's complaint is not frivolous or malicious and does not seek monetary relief. Therefore, this court reviews his complaint for failure to state a claim.

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

## DISCUSSION

### I. Eighth Amendment Claims

The Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain" or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Punishments that are totally without penological justification are considered to involve the wanton and unnecessary infliction of

pain. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Two factors are relevant to Eighth Amendment analysis: (1) the objective seriousness of the deprivation and (2) whether prison officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

The objective component of an Eighth Amendment claim is "contextual and responsive to contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Extreme deprivations are required to make out a conditions of confinement claim. Because routine discomfort "is part of the penalty that criminal offenders pay for their offenses against society," *Rhodes*, 452 U.S. at 347, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* "Whether conditions at a specific prison are unconstitutional necessitates a factual inquiry about the specific conditions at that facility." *Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991). In assessing conditions of confinement claims, courts must be aware that their inquiries "spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). The second component of an Eighth Amendment conditions of confinement claim requires a showing that prison officials have been deliberately indifferent to an inmate's health or safety. *Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999).

Cass asserts that overcrowding renders the facilities at Mike Durfee State Prison inadequate. He argues that "long waits to use commodes and far too many bodies to move without constantly bumping into others" violate the Eighth Amendment. Docket 1. Cass

3

states that the prison has 1 urinal for 54 inmates and 3 showers designated for use by over 50 inmates. He also argues that the prison has an insufficient number of toilets, although he does not provide specific numbers, and that the fire sprinklers and escapes are inadequate for the number of inmates housed there. "[R]easonably adequate sanitation and the ability to eliminate and dispose of one's bodily wastes without unreasonably risking contamination are basic identifiable human needs of a prisoner protected by the Eighth Amendment[.]" *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994). In *Patchette v. Nix*, the Eighth Circuit Court of Appeals held that a prison facility which had one toilet for every 24 inmates did not violate the Eighth Amendment. 952 F.2d 158, 164 (8th Cir. 1991). While Cass has not stated the number of toilets available to the inmates, one urinal for nearly 50 inmates exceeds the threshold in *Patchett* although the ratio for urinals should be higher, that is, more men per urinal than men per toilet. However, it appears that Cass has plead enough facts relevant to the first element of a conditions of confinement claim to survive initial review. While Cass has not explicitly indicated that prison officers actually know of and disregard the claimed risk from insufficient toilet facilities, it can be presumed that prison officials know the capacity of the institution, how many inmates it houses, and what sanitation facilities are available to serve them. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.").Thus, Cass's claim survives initial review under § 1915A.

Cass also argues that because the facility holds too many inmates, inmates such as himself are unable to work legally within the prison, and thus, are unable to pay debts such as court costs or child support. While rehabilitation of offenders is a primary goal of prisons,

4

*Pell v. Procunier*, 417 U.S. 817, 823 (1974), the fact that Mike Durfee State Prison does not have a job for every inmate does not violate the Eighth Amendment. The absence of job opportunities is not a punishment. *See Rhodes*, 452 U.S. At 348 ("Although job opportunities diminished marginally as a result of [overcrowding], limited work hours . . . do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind simply are not punishments."). Moreover, inmates have no right to particular prison job. *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992).Thus, Cass has failed to show that the deprivation was sufficiently serious and this court need not inquire into the state of mind of prison officials. *See Vong v. Loftness*, No.06-4596, 2008 WL 2690293 at *5 (D. Minn. June 30, 2008). Thus, Cass's claim that prisoners are unable to find work due to overcrowding is dismissed for failure to state a claim.

## II.    Motion to Appoint Counsel

Cass also moves for the appointment of counsel."Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Mo. Dep't. of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogation on other grounds recognized by Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005). In considering a motion for appointed counsel, the court evaluates the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). Cass's current motion is premature, as his complaint has not yet been served on the defendants. Without the defendants' answer, the court is unable to evaluate whether conflicting testimony and factual complexity merit the appointment of

counsel. Thus, Cass's motion for the appointment of counsel is denied without prejudice to refiling.

### III. Motion for Injunction

Cass also seeks an order directing prison officials to give him access to legal materials, papers, and writing materials while he is in disciplinary segregation. In a second motion, Cass indicates that he has been released from disciplinary segregation; thus, this request is moot. In his second motion, Cass asserts that his right of access to the courts is being violated because "there are absolutely no Sheppards nor recent caselaw to seek relevant up to date information." Docket 9. Cass also argues that while in segregation, he is not allowed paper or any law materials. *Id.*

"The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Whether a preliminary injunction should issue is decided by weighing four factors (the "*Dataphase*" factors). They are: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems v. C. L. Sys.*, 640 F.2d 109, 114 (8th Cir. 1981). In the prison setting, a request for a preliminary injunction "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff*, 60 F.3d at 520.

#### A.  Threat of Irreparable Harm

6

In order to demonstrate irreparable harm, Cass must show that the harm is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986). Cass has not demonstrated that he faces a threat of irreparable harm if he does not have access to Sheppards or the most recent case law. Prisoners have a right of meaningful access to the courts, but there is no right to any particular means of access. *Aswegan v. Henry*, 981 F.2d 313 (8th Cir. 1992). In fact, his current filings to the court suggest that Cass is able to articulate his claims without access to Sheppards and the newest cases. Therefore, Cass has not demonstrated that he faces irreparable harm.

**B.    Balance**

The second *Dataphase* factor balances the threat of harm to the movant and the injury that granting the injunction will inflict on other parties. 640 F.3d at 114. There is a tension between the need to protect constitutional rights and the longstanding policy of judicial restraint regarding issues of prison administration. "Traditionally, federal courts have adopted a broad hands-off attitude towards problems of prison administration." *Hosna v. Groose*, 80 F.3d 298, 304 (8th Cir. 1996). It is not the role of federal courts to micro-manage state prisons. *Klinger v. Dep't of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995). Cass has failed to establish that he faces a threat of irreparable harm. But if the injunction is issued, defendants will be required to undertake the time and expense of adding items to the prison legal library. There is also the potential that if this injunction is granted, prison officials could be inundated with requests from other inmates, seeking other specific

legal resources. Accordingly, the harm in issuing the injunction outweighs the threat of injury to Cass.

### C.     Likelihood of Success on the Merits

Inmates have a constitutional right of meaningful access to the courts and the legal system. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "Meaningful access to the courts is the capability to bring 'actions seeking new trials, release from confinement, or vindication of fundamental civil rights.' " *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (quoting *Bounds v. Smith*, 430 U.S. 817, 827 (1977)). In order to prevail on an access to the courts claim, an inmate must demonstrate that he sustained an "actual injury" as a result of the challenged policy. *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). "To prove actual injury, a prisoner must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Hatsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008). Merely alleging that the law library is inadequate is insufficient to establish actual injury. As the Supreme Court explains:

> Because [precedent] did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his law library or legal assistance program is subpar in some theoretical sense... [T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim . He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered actionable harm that he wished to bring before the courts, but was so stymied by the inadequacies of the law library that he was unable to even file a complaint.

8

*Lewis*, 518 U.S. at 351. While a portion of Cass's complaint is dismissed here for failure to state a claim, he has not shown that he did not know of the legal standard applicable to Eighth Amendment claims because of the absence of Sheppards and the newest case law. Accordingly, his claim would be unlikely to succeed on the merits.

### D. Public Interest

The final *Dataphase* factor examines whether the public interest is furthered by the issuance of an injunction. *Dataphase*, 640 F.2d at 113. The public's interest in the orderly administration of prisons and the conservation of prison resources is furthered if the court declines to interfere in the day-to-day running of the prison. While the public has a general interest in the enforcement of constitutional rights, it is overcome by the countervailing interest in efficient management of the prisons. *See Wycoff v. Nix*, 975 F.2d 867 (8th Cir. 1992) (affirming denial of injunction where public interest in efficient prison administration outweighed general interest in constitutional rights and prisoner had shown no injury). Finally, the court is mindful of the Eighth Circuit's admonition that judicial restraint is especially warranted in actions for injunctive relief against prison officials. *Goff*, 60 F.3d at 520. Cass has not demonstrated that issuing the injunction is in the public interest. The *Dataphase* factors weigh against granting the requested relief. Accordingly, Cass's motion for a injunction is denied.

But "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Though Cass has not shown

he is entitled to preliminary injunctive relief, he may be entitled to permanent relief. Thus, defendants are ordered to respond to Cass's access to the courts claim. Therefore, it is

ORDERED that Cass's Eighth Amendment claim relating to the absence of prison work opportunities is dismissed.

IT IS FURTHER ORDERED that defendants shall respond to Cass's access to the courts claim by providing, at a minimum, a list of the types of legal materials available to inmates at Mike Durfee State Prison and any policies relating to the law library.

IT IS FURTHER ORDERED that the Clerk shall cause service of the complaint, summons, and this order upon defendant. All costs of service shall be advanced by the United States.

IT IS FURTHER ORDERED that defendant shall serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of the service.

IT IS FURTHER ORDERED that plaintiff shall serve upon defendant, or, if appearance has been entered by counsel, upon its attorney, a copy of every further pleading or other document submitted for consideration by the court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date and that a true and correct copy of any document was mailed to defendant or its counsel.

IT IS FURTHER ORDERED that Cass's motions for access to material and case law and motion to appoint counsel (Docket 8, 9) are denied.

Dated April 26th, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
Deputy